**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 22 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDOLPH ELLIS, Jr., | No. 21-15265 |
| Plaintiff-Appellant, | D.C. No. 1:20-cv-00134-DAD-EPG |
| v. | |
| RALPH DIAZ, Secretary of Corrections, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted February 15, 2022[**]

Before:     FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

California state prisoner Rudolph Ellis, Jr. appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

*Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal under

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1915A); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)). We affirm.

The district court properly dismissed Ellis's First and Fourteenth Amendment claims stemming from the denial of family visits because Ellis failed to allege facts sufficient to state a plausible claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam) (setting forth elements of an equal protection "class of one" claim); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (explaining that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure"); *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002) (noting "it is well-settled that prisoners have no constitutional right while incarcerated to contact visits or conjugal visits"); 15 C.C.R. § 3177 (defining "family visits" as "extended overnight visits"); *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (stating that although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court did not abuse its discretion by denying Ellis leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued

21-15265

in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**